IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Bankruptcy No. 08-22973-JAD |
| RONALD J. GARGANI, | : | |
| | : | Chapter 13 |
| Debtor. | : | |
| | X | |
| | : | |
| RONALD J. GARGANI, | : | |
| | : | |
| Movant, | : | Related to Dkt. # 46 |
| | : | |
| - vs - | : | |
| | : | |
| WELLS FARGO BANK, N.A., as | : | |
| Trustee, ROBERT G. | : | |
| MONCAVAGE, and RONDA J. | : | |
| WINNECOUR, Chapter 13 | : | |
| Trustee, | : | |
| | : | |
| Respondents. | : | |
| | X | |

**MEMORANDUM ORDER DENYING
MOTION TO STAY EJECTMENT PROCEEDING
AND TO SET ASIDE SHERIFF'S SALE**

The facts of this matter are not in dispute. This bankruptcy case was commenced by the debtor filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on May 4, 2008. The bankruptcy filing was a "bare bones" filing, as most of the documents required by 11 U.S.C. § 521 and Fed.R.Bankr.P. 1007 were not filed by the debtor when he initially filed his bankruptcy petition.

As provided by the Court's local rules, the debtor was issued a notice of deficiency and was directed to complete his filing by May 19, 2008; he was also advised in writing that the failure to timely complete the filing would result in the dismissal of this bankruptcy case. However, the debtor did not comply with the notice of deficiency. As a result, this bankruptcy case was dismissed by Order dated May 20, 2008.

In light of the dismissal, Wells Fargo Bank, as Trustee ("Wells Fargo"), proceeded to a Sheriff's Sale with respect to the debtor's property located at 310 Vanadium Road, Pittsburgh, PA 15243 (the "Realty"). Ultimately, the Realty was sold at a Sheriff's Sale held on July 7, 2008.

After the Sheriff's Sale, the debtor continued to remain in possession of the Realty even though he no longer owned it. The debtor then decided to re-establish this bankruptcy case by moving to vacate the Court's earlier Order of Dismissal. The debtor's motion was filed on August 7, 2008, and the motion to vacate was granted by Order dated September 9, 2008.

Subsequent to *vacatur* of the dismissal Order, the debtor filed the instant *Motion to Stay Ejectment Proceeding and to Set Aside Sheriff's Sale* (the "Motion"). By the Motion, the debtor contends that the *vacatur* of the dismissal Order operated as a retroactive reinstatement of the automatic stay thereby rendering the Sheriff's Sale void. The debtor, however does not cite any authority for this proposition.

In clear and unambiguous language, Congress has stated its intent for the automatic stay to terminate upon the dismissal of the case. See 11 U.S.C. § 362(c)(2)(B). Once the case is dismissed, creditors are free to exercise their rights in the debtor's assets. Shaw v. Ehrlich, 294 B.R. 260, 274 (W.D.Va. 2003).

Courts have held that "reinstating the case does not retroactively reinstate the automatic stay during the period of time the case was dismissed with respect to creditor conduct that occurred between the dismissal and reinstatement." In re Searcy, 313 B.R. 439, 443 (Bankr. W.D. Ark. 2004)(citing In re Hill, 305 B.R. 100, 104-06 (Bankr. M.D. Fla. 2003). According to these courts, "[a]lthough the bankruptcy code permits the court to retroactively grant relief from stay by annulling the stay, there is no authority that permits the court to retroactively impose the stay." Id.

In essence, these courts have held that if a debtor wants to obtain the protection of the automatic stay, it is incumbent upon the debtor to be pro-active and petition the court for *vacatur* of the dismissal order prior to the date set for the Sheriff's Sale.

In this case, the debtor's motion to reinstate the bankruptcy case was filed after the Sheriff's Sale. As a result, the July 7, 2008 Sheriff's Sale is not avoidable pursuant to 11 U.S.C. § 362(a).[1]

The Court recognizes that the debtor remains in possession of the Realty.

---

[1] The debtor has neither argued, nor presented any facts which would suggest, that the Sheriff's Sale was not completed in a manner contrary to applicable non-bankruptcy law.

Given this fact, the debtor appears to argue that notwithstanding the Sheriff's Sale, Wells Fargo is precluded from seeking to evict or eject the debtor from the premises by virtue of the automatic stay.

The debtor's argument, however, ignores the fact that the debtor has neither a legal nor equitable interest in the Realty.  In a similar circumstance, the Honorable Thomas P. Agresti has held that "having determined that the Debtors have neither legal nor equitable interest in the premises, the Court need go no further.  Cause under 11 U.S.C. § 362(d)(1) exists to grant [the creditor relief from the automatic stay to eject the debtor.]" In re Rocco, 319 B.R. 411, 418 (Bankr. W.D. Pa. 2005).  The Court finds the Rocco decision to be persuasive, and will follow it here.

The Court also notes that in abundance of caution Wells Fargo has filed a *Motion for Relief From Stay* at Dkt. #43.  The Court also notes that the debtor bears the burden of proof with respect to the issue of whether a secured creditor is adequately protected. See 11 U.S.C. § 362(g).  The debtor has not met his burden of production, let alone his burden of proof.

At the hearing on this matter, it was acknowledged that the debtor has no equity in the subject property, because the schedules of liabilities filed by the debtor under penalty of perjury reflect that the debt due Wells Fargo exceeds $180,000 and the value of the Realty was only approximately $80,000.

In addition, at the hearing on this matter counsel for the debtor was not in

a position to offer any adequate protection of Wells Fargo's interests because the debtor has not been communicating or otherwise cooperating with counsel. For example, the debtor has yet to appear at meeting(s) of creditors duly scheduled by the Clerk of the Court pursuant to 11 U.S.C. § 341.

Moreover, the debtor is approximately $11,000 in arrears on his Chapter 13 plan payments. See Dkt. #56 (Trustee's Minutes). In fact, a Rule to Show Cause has been issued for the debtor to show cause as to why this bankruptcy case should not be dismissed for the debtor's inability to appear at the meeting of creditors and for the debtor's inability to make plan payments. Under these circumstances, and even if the automatic stay would apply, ample cause exists for the Court to annul the stay.

For the foregoing reasons, the Motion is DENIED. A separate Order will also be entered which grants the *Motion for Relief From Stay* filed by Wells Fargo at Dkt. #43.

Date: January 5, 2009        /s/ Jeffery A. Deller
                              Jeffery A. Deller
                              United States Bankruptcy Judge